UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


CHARLES M. GARRETT            ]
    Plaintiff,            ]
                        ]
v.                            ]      No. 3:13-0354
                        ]      Judge Sharp
NURSE STEPHENS, et al.        ]
    Defendants.           ]


**M E M O R A N D U M**


The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Nurse Stephens and Lt. Teemer, members of the staff at the Jail, seeking injunctive relief and damages.

According to the complaint, two specialists have recommended knee surgery for the plaintiff. The plaintiff complains that the defendants have thus far ignored this serious medical need. In addition, he alleges that his knee brace was taken from him and that he was transferred to a cell where he has to climb a ladder in order to get into his bunk. Finally, the plaintiff claims that he was forced to pay for a Zocor pill for high cholesterol, even though he does not suffer from that malady.

This action is being brought against the defendants in their

official capacities only. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claims are against Montgomery County, the municipal entity that operates the Montgomery County Jail. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Montgomery County or its agent, the Montgomery County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Montgomery County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Montgomery County. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Kevin H. Sharp
United States District Judge